# George D. Hanscom and another v. Enoch Hinman.

*Bill to quiet title : Averment of ownership.* A bill to quiet title which alleges complainants' seizin and possession, and that they have a direct chain of title from the government, is not defective in the averment of ownership of the lands in controversy.

*Tax titles : Defects : Resident lands : Assessing jointly with other lands.* Putting resident lands down on the roll with non-resident lands, and grouping and jointly assessing them with other lands, belonging to a different person, are such defects as will invalidate a tax title.

*Bill to remove tax title : Tender.* No formal tender to defendant is requisite before filing a bill to remove an invalid tax title; but an allegation of an offer to pay twenty-five dollars for a release, where it greatly exceeds the sum for which the lands were sold, is an averment of an offer to do all that in equity could be required.

*Offer to pay expense of conveyance : Waiver.* The objection that complainants did not offer to pay the expense of conveyance, where the defendant totally denied their right, is held not well taken; a defendant who made such denial is not in position to insist on such a point.

HANSCOM v. HINMAN.

*Offer to pay expense of conveyance: Costs.* Whether, without such a denial, the failure to make such offer would affect any thing more than the costs:—*Quære?*

*Heard October 13.    Decided October 27.*

Appeal in Chancery from Kent Circuit.

This was a bill to remove an invalid tax title as a cloud upon complainants' title to certain lands. Defendant interposed a demurrer, which was sustained, and the bill dismissed. Complainant appealed.

*Taggart & Allen,* for complainants.

*John T. Holmes,* for defendant.

COOLEY, J.

There is no defect in the averment of complainants of their ownership of the lands in controversy. They allege their seizin and possession, and that they have a direct chain of title from the government.

The defects in the tax title are abundantly shown. It is sufficient here to note two defects. The lands were resident property, but were put down with non-resident lands on the roll, and they were grouped and jointly assessed with lands owned by the defendant.

It was not necessary for complainants to make any formal tender to defendant before filing their bill. No statute requires it in such a case; but complainants allege an offer to pay defendant twenty-five dollars for a release, which is at least as much as in equity could have been required of them, as it was much more than the sum for which the lands were sold.

The objection that complainants did not offer to pay the expense of conveyance is not well taken. It might, perhaps, be a reason for withholding costs from them if the defendant had not totally denied their right, but under such a denial he is not in position to insist upon such a point.

We think the court erred in dismissing the bill, and the decree must be reversed, with costs, and the cause remanded, with directions that the demurrer should be overruled, and the defendant have leave to answer.

The other Justices concurred.